## In re COLEMAN.

(District Court, S. D. New York. June 10, 1904.)

1. MANDAMUS—FEDERAL COURTS—JURISDICTION.

Federal courts can only grant a writ of mandamus in aid of an existing jurisdiction.

2. SAME—BANKRUPTCY—EXECUTIVE OFFICERS—DISCRETION.

Where a receiver in bankruptcy was authorized to carry on the business of publishing a newspaper with a view to preserving its good will as an asset of the bankrupt's estate, but pending such publication the postmaster, by direction of the Postmaster General, prohibited the circulation of the paper through the mails as unmailable matter, mandamus would not be granted to reverse such determination, though the question whether the publication was objectionable might be the subject of a difference of opinion.

Michel Kirtland, for petitioner.
Charles D. Baker, Asst. U. S. Atty., opposed.

HOLT, District Judge. It is well settled that the United States courts can only grant a mandamus in aid of an existing jurisdiction. It is usually granted to enforce the collection of a judgment. In this case this court, as a court of bankruptcy, has made an order authorizing

¶ 1. See Courts, vol. 13, Cent. Dig. § 803.

a receiver in bankruptcy to carry on for a short time the business of publishing a newspaper, with a view of preserving its good will as an asset of the bankrupt estate. Under these circumstances I should hesitate to hold without further consideration that this court would have no power in a proper case to issue a mandamus in furtherance of the order in bankruptcy to carry on the business. But I think in this case the general principle applies that a mandamus will not be issued to interfere with the legitimate discretion of an executive officer. The postmaster, by direction of the Postmaster General, under the statute, has prohibited the circulation through the mails of the paper in question as unmailable matter. The question whether the contents of the publication in question come within the prohibition of the statute is one upon which there might be a difference of opinion, but the articles and pictures in the paper which are objected to are of such a character that, in my opinion, it cannot be said that the postmaster, in deciding that it is unmailable, has abused his discretion.

I think, under these circumstances, that the motion must be denied.